**SO ORDERED.**

**SIGNED June 10, 2008.**



_____
ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| IN RE: | * | CASE NO. 08-50215 |
| | * | |
| DEALMAKER DEVELOPMENTS, INC. | * | CHAPTER 7 |
|     Debtor | * | |
| | * | JUDGE SUMMERHAYS |
| * * * * * * * | | |

### FINDINGS OF FACT AND CONCLUSIONS OF LAW SUPPORTING THE ORDER GRANTING JOINT MOTION TO SELL IMMOVABLE PROPERTY FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTERESTS

Before the Court, on June 10, 2008, came the Joint Motion To Sell Immovable Property Free And Clear Of All Liens, Claims And Interests (the "*Sale Motion*") (Docket # 50) filed by Elizabeth Andrus, chapter 7 trustee ("*Trustee*") of the bankruptcy estate of Dealmaker Developments, LLC (the "*Estate*") and No Deal, L.L.C. ("*No Deal*").

After conducting the hearing on the Sale Motion and in light of the proffered testimony submitted by the Trustee, and the docket entries submitted into evidence by reference, the Court, for the oral reasons assigned in open court on June 10, 2008, granted the Sale Motion. The Court hereby issues these written Findings Of Fact And Conclusions Of Law

<u>Supporting The Order Granting The Joint Motion To Sell Immovable Property Free And Clear Of Liens, Claims And Interests</u> ("*Findings and Conclusions*") to supplement the oral findings made in open court, and shall, together with the oral findings and reasons announced in open court constitute findings of fact and conclusions of law pursuant to Rule 7052 Federal Rules of Bankruptcy Procedure ("*FRBP*"), made applicable to this proceeding by Rule 9014 FRBP.

1. Debtor filed a case under chapter 11 of Title 11, United States Code ("*Bankruptcy Code*") on February 27, 2008. On April 24, 2008, this Court entered an order converting the chapter 11 case to a case under chapter 7 and Trustee was appointed as interim chapter 7 trustee on April 25, 2008.

2. This Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. sections l57 and 1334. Further, this proceeding is a core proceeding under 28 U.S.C. sections 157(b)(2)(A) and (N). Venue of this proceeding in this district is proper pursuant to 28 U.S.C. section 1409. The statutory predicates for the relief requested herein are sections 363, and 362 of the United States Bankruptcy Code. The Rules applicable to this proceeding include FBRP 2002, 4001, 6004 and 9014.

3. Notice of the hearing on the Sale Motion has been given by the Trustee to all persons on the mailing matrix on file with the Court and to all other parties to whom notice was required under the FRBP, along with notice to Paul L. Meirs Engineering, LLC (delivered as discussed within the Sale Motion).

4. The notice provided complies with the FRBP and no additional notice is required.

5. The property to be sold is described as follows:

> Those certain tracts or parcels of land together with all buildings and improvements thereon, and all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. Martin, State of Louisiana, and being designated as Tract L and Tract

> M in the subdivision known as Le Triomphe Gold Club and Residential Community on the map prepared by Mader-Miers Engineering, Inc., entitled "Plat Showing Property to be Acquired by Le Triomphe, LLC Being Tracts H, K, L and M of Le Triomphe Golf Club and Residential Community located in Section 15, T11S-R5E, Lafayette and St. Martin Parishes, Louisiana," dated August 22, 1996 and attached to that certain Cash Sale with Reservation of Servitude dated August 29, 1996, and recorded in Book 1243, Page 397, Entry No. 280985, records of St. Martin Parish, Louisiana.

(the "***Property***").

6. The Trustee engaged in a series of arms length negotiations with No Deal, and the terms of the proposed sale of the Property were arrived at through a series of arms length communications.

7. The Trustee has no connection with No Deal, and has dealt at arms length with counsel for No Deal, with whom Trustee has no connection. The Trustee has come to the decision to sell the Property to No Deal based upon, and after consideration of, many issues, including fair market value of the Property, effect of claim size upon the Estate, potential liability and upkeep costs associated with retaining the Property. Further considerations of abandonment have also informed the Trustee during her sale deliberations. The Court finds that both the Trustee and No Deal have acted in good faith in connection with the Sale Motion and the proposed sale.

8. The purchase price of the Property under the Sale Motion is to be $500.00, payable in cash at closing, plus a reduction in the claim of No Deal from $1,575,180.00 to $841,410.00 (a reduction of $733,370.00) (the "***Purchase Price***").

9. Louisiana foreclosure law would allow No Deal to credit bid for the Property at two-thirds of the appraised value of the Property. A force-sale liquidation valuation of the Property is $880,000. A non-forced sale, one-year market value of the Property is $1,100,000.00. The purchase price of the Property will include application and release of $733,370.00 (or two-thirds of the appraised value) of the No Deal secured claim against the Estate, plus Five Hundred and

No/100ths Dollars ($500.00), which has been delivered to the Trustee. *See*, La. C. Civ. P. art. 2336. No Deal will retain the unused deficiency claim as an unsecured claim. *See*, La. C. Civ. P. art. 2771; *c.f.*, La. Rev. Stat. § 13:4108(3).[1] The amount of the claim at foreclosure would be higher than present due to imposition of sheriff's costs, attorneys' fees and other foreclosure costs.

10. No Deal has a first priority Mortgage lien in, to, and upon the entirety of the Property.

11. No Deal asserts a claim secured by its mortgage rights in, to, and upon the Property, in the amount of $1,575,180.00.

12. Allowing No Deal to credit bid its secured claim for the fair market value of the Property, plus payment of an additional $500.00 cash at closing is a fair and reasonable price for the purchase of the Property.

13. The proposed sale is conditioned upon the sale being free and clear of any and all liens, claims and interests.

14. The Purchase Price is insufficient to pay in full the No Deal mortgage claim and/or any inferior lien claims in, to, or upon the Property. Because the fair market value of the Property is less than the value of the claim of No Deal which is secured by first priority lien rights in, to, and upon the Property, any inferior lien claimant can be compelled to accept no satisfaction of its inferior lien claim through a state foreclosure proceeding. Furthermore, the inferior lien claims are subject to a bona fide dispute as the basis for the inferior lien is engineering work for which

---

[1] Louisiana foreclosure and executory process law requires property to be sold for two-thirds of the appraised value of the seized property. A creditor may then retain a right to a deficiency against the debtor for the remaining value of the claim. No Deal has agreed to purchase the Property in accordance with its rights existing had it elected to proceed with foreclosure under Louisiana state law. The net result under the bankruptcy court sale is actually favorable to the Estate as under foreclosure process, additional sheriff's sale costs, attorney's fees, and other foreclosure costs would increase the amount of the No Deal deficiency claim from that agreed to herein.

no construction has taken place to improve the immovable Property.[2]  *See*, *Construction Engineering Co v. Village Shopping Center*, 168 So.2d 826 (La. App. 2nd Cir. 1964).  Therefore, the Sale motion complies with 11 U.S.C. § 363(f), and the Property may be sold free and clear of all liens, claims and interests.

15. The Trustee and Estate have costs preserving the Property during the conduct of this bankruptcy case.  The surcharge of the $500.00 cash portion of the Purchase Price is reasonable under 11 U.S.C. § 506(c).

16. The Court determines that the Purchase Price is a fair price, arrived at through arms length negotiations.  Therefore, the Court determines that the terms of sale proposed within the Sale Motion (the "*Sale*") of the Property to No Deal should be approved.

17. In light of these Findings and Conclusions, the Court determines that the Trustee should be authorized, pursuant to Sections 363(b), 363(f) 363(m) and 362 of the Bankruptcy Code, (i) to execute and deliver, to perform under, and to consummate and implement the terms of the Sale, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Sale, and (ii) to take all further actions as may reasonably be requested by No Deal for the purpose of assigning, transferring, granting, conveying and conferring the Property to No Deal as may be necessary or appropriate to the performance of the obligations contemplated the Sale Motion and the Sale.

18. The Sale, upon closing: (i) shall be a legal, valid and effective transfer of the Property, and (ii) shall vest No Deal with all right, title, and interest of the bankruptcy estate, and of the Debtor, Dealmaker Developments, L.L.C., in and to the Property free and clear of all (a) mortgages, security interests, privileges, conditional sale or other title retention agreements,

---

[2] Further, the inferior lien was filed on December 4, 2007, within the 90 day preference period provided by 11 U.S.C. § 547.

pledges, liens, judgments, demands, encumbrances, taxes, including without limitation, property taxes, sales, use and ad valorem taxes, easements, restrictions or charges of any kind or nature, if any, including, but not limited to, any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership (the foregoing collectively referred to herein as "***Liens***") and all (b) debts arising in any way in connection with any acts of the Debtor, claims (as that term is defined in the Bankruptcy Code), obligations, demands, guarantees, options, rights, contractual commitments, executory contracts, unexpired leases, employment agreements, restrictions, rights of lesion beyond moiety, tort claims, product liability claims, interests and matters of any kind and nature, whether arising prior to or subsequent to the commencement of this case, and whether imposed by agreement, understanding, law, equity or otherwise (the foregoing collectively referred to as "***Claims***" herein).

19. The Property is to be transferred to the Purchaser under and pursuant to the Order to be issued upon these Findings and Conclusions (the "***Sale Order***") and the oral reasons given in open court on June 10, 2008, and shall be transferred free and clear of all Liens and Claims of any kind or nature, except as otherwise expressly provided by the terms of the Sale Order to be issued hereupon.

20. Each and every federal, state and local governmental agency or department shall be directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by Sale Order and Sale including, without limitation, documents and instruments to be filed in or with (a) any governmental agency or department in order to effect or evidence the transfer of the Property and (b) any county, parish or state office wherein termination statements under the Uniform Commercial Code and releases of liens and mortgages are authorized to be filed. Any clerk in any location responsible for the recordation of

GAMDE-NO:Findings of Fact - Mtn Sell Property final     -6-

08-50215 - #61   File 06/10/08   Enter 06/10/08 15:55:52   Main Document   Pg 6 of 8

Claims or Liens in, to or upon the Property shall be authorized and directed to cancel and remove from the public record any Lien, Claim, or other interest, encumbrance, demand, suit, action and any other judicial administrative proceeding or investigation affecting the Property.

21. The Court further finds that all transactions and instruments contemplated under the terms of the Sale shall be specifically enforceable against and binding upon, and not subject to rejection or avoidance by the Estate, the Trustee, creditors of the Estate, and/or any other parties in interest, and any successors of the Estate, including any subsequent trustee appointed in any subsequent or converted case of the Debtor under Chapter 7 or Chapter 11 of the Bankruptcy Code.

22. The Court further finds that the Sale Order shall be immediately effective and executory upon entry on the docket of the record of this case, and that the ten (10) day stay provided by Rule 6004(g) FRBP shall be abrogated and waived by the Sale Order, so as to allow the Trustee and No Deal to proceed immediately to effectuate the closing and transfers contemplated by and within the Sale Motion and the Sale Order.

20. The Trustee and No Deal are entitled to the full range of protections provided by section 363(m) of the Bankruptcy Code.

21. The Court has expressly authorized the submission of these Findings and Conclusions by counsel for the Trustee and/or counsel for No Deal, has independently reviewed these Findings and Conclusions and has determined that they should be issued to supplement the oral ruling granting the Sale Motion in open court on June 10, 2008. The Court has further expressly authorized the submission of the Sale Order by counsel for the Trustee and/or counsel for No Deal.

22. The Court finds and concludes that it should retain jurisdiction to hear and determine all matters arising from or related to the Sale, and the documents executed and delivered in connection with the Sale and the Sale Order.

# # #

**Respectfully Submitted,**

/s/ *Elizabeth Gresham Andrus*
**Elizabeth Gresham Andrus**
345 Doucet Rd.
Suite 223
Lafayette, LA 70503-3490
**Chapter 7 Trustee for the Bankruptcy Estate of Dealmakers Development, Inc.**


**GORDON ARATA MCCOLLAM
 DUPLANTIS & EAGAN, LLP**
301 Main Street, Suite 1600
Baton Rouge, LA 70801-1916
Phone (225) 381-9643
Fax (225) 336-9763

By: */s/ Louis M. Phillips*
   **Louis M. Phillips #10505
   Brandon A. Brown, #25592**

   *-and-*

**Briney & Foret, A L.L.P.**
413 Travis St., P.O. Drawer 51367
Lafayette, LA 70505-1367
Phone: (337) 237-4070
Fax: (337) 233-8719
   **Richard R. Montgomery, # 21363**

*Attorneys for No Deal, LLC*